

**Signed and Filed: August 9, 2026**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 25-30625-DM |
| JOSEPHINE BAXTER RAVAL, | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |
| | ) |

### MEMORANDUM DECISION ON MOTION TO VALUE

## I.   Introduction

Josephine Baxter Raval ("Debtor") filed her Chapter 13 case on August 7, 2025 (the "Petition Date").  Debtor owns property at 108 Valleyview Way, South San Francisco, California (the "Property").

Debtor filed a Motion to Value Collateral Under Sections 506 and 3012 ("Motion") on March 26, 2026.  The Motion included an appraisal (the "Bonjean Appraisal") that determined the Property as of the Petition Date was valued at **$1,467,000.**  The basis of this appraisal was a physical examination of the outside and inside of the Property that took place on June 2, 2025, just over two months before the Petition Date.

-1-

Creditor MEB Loan Trust VIII ("Creditor") filed an Opposition (Dkt. 26) and on June 15, 2026, the parties submitted a Joint Stipulation Regarding Submission of Motion to Value Collateral (Dkt. 37) ("Stipulation"). Pursuant to the Stipulation, Creditor filed its Supplemental Opposition to the Motion on July 17, 2026 (Dkt. 43) and the Declaration of Rhonda De Los Santos in Support of Supplemental Opposition (Dkt. 44)(the "De Los Santos Appraisal"). The De Los Santos Appraisal fixed a Petition Date value of the Property of **$1,775,000**. Included was a One-Unit Residential Appraisal Field Review Report (Dkt. 44-3) that, despite its title, appears to be in the nature of a rebuttal by Ms. De Los Santos to the Bonjean Appraisal (the "Rebuttal"). It states a June 2, 2025 value of $1,750,000 but does not make an adjustment based on the Petition Date that occurred a little over two months later. The De Los Santos Appraisal was conducted with a physical inspection of the outside and inside of the Property on June 26, 2026.

The Stipulation did allow for later filings but said nothing about rebuttal testimony. Debtor did not object or attempt to offer anything in the nature of a sur-rebuttal.

The issue before the court is the value of the Property as of the Petition Date. Based upon the evidence summarized below, the court finds that the value of the Property as of the Petition Date is **$1,675,000**.

**II. Discussion[1]**

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

The parties agreed in the Stipulation that supplemental or responsive declarations could be filed on July 24, 2026 (for Debtor) and July 31, 2026 (for Creditor). Each filed additional papers on those dates. The only later-filed document requiring comment is in Debtor's Reply (Dkt. 46) filed on July 24, 2026. There, Debtor takes issue with the idea that a more reliable factual foundation can be found upon an appraisal conducted before the Petition Date, rather than one after. The apparent distinction appears because such a later appraisal expressly assumes that the Property remains substantially in the same condition throughout that period.

This argument adds nothing. Both sides waived the right to cross-examine the other side's appraiser. Appraisals that are offered to dispute valuations presented by debtors filing bankruptcy necessarily must be prepared after the fact. The more telling information is the reliance by an appraiser on comparable sales closely before or closely after that date. They consider many other variables such as time and location of comparable sales that go into their analyses.

For this reason, the court does not suspect or believe that the timing of either appraisal indicates more or less reliability; the key is in the validity and credibility of the information gleaned by and analyzed by the appraiser.

As a separate matter, Debtor argues that retrospective appraisals are less reliable because conditions that must be assumed by the appraiser must also be similar to those extant as of an earlier date, here, the Petition Date. More particularly, Debtor takes issue with the De Los Santos Appraisal assigning a

-3-

Case: 25-30625    Doc# 49    Filed: 08/09/26    Entered: 08/10/26 09:12:59    Page 3 of 7

C3 condition (higher value) to the Property, whereas the Bonjean Appraisal assigned a C4 condition (lower value). Debtor argues that the De Los Santos appraisal necessarily could not have observed the condition close to the petition date.  She questions the assumption that the C3 condition existed as of that date.  But Debtor offers no evidence to rebut the conclusion that C3 is the more accurate condition and offers no evidence that the Property was improved after the Petition Date but before the De Los Santos Appraisal was conducted.

The same is true with the De Los Santos upgrade of the quality of the Property from Q4 (lower value) to Q3 (higher value), differing with the Bonjean Appraisal.  The De Los Santos Appraisal did add brief descriptive terms to explain these adjustments.

In general, the De Los Santos Appraisal is more reliable for multiple reasons.  To begin with, the Property has a gross living area of 2,173 square feet.  Even with a cautious figure of $800 per square foot, lower than all of the comparables on the same street, a value of over $1,700,000 is indicated.

Next, the Bonjean Appraisal gives the heaviest weight to Comparable #1, a property on Tipperary Avenue in South San Francisco, four tenths of a mile away.  Yet that property is 62 years old (rather than 45 years for the Property) and sold at $625 per square foot for a total price of $1,400,000 nearly eight months prior to the Petition Date.  It is farther away from the four comparables on the same street as the Property. In contrast, both appraisers evaluated three of the same parcels on the same street as the Property, located at 117, 130 and 163

-4-

Case: 25-30625   Doc# 49   Filed: 08/09/26   Entered: 08/10/26 09:12:59   Page 4 of 7

Valleyview Way.  The De Los Santos Appraisal included 115 Valleyview Way, also on the same street.  These two considerations make the Bonjean Appraisal somewhat suspect.

Comparing the four homes on the same street as the Property, three of them are the same in total bedrooms and bathrooms, and slightly smaller in square footage.  163 Valleyview Way sold in December 2024, is smaller than the Property by more than 200 square feet, and commanded a price of $1,600,000.

That said, the De Los Santos Appraisal presents some problems of its own.  It relies on two houses not on Valleyview and only one (No. 115) on it.  Yet the Rebuttal states that Ms. De Los Santos eliminated one comparable and added one, when she actually eliminated two and added three.  The court can only speculate about these discrepancies, but they do raise doubts.

Further, the court concludes that the highly subjective ratings of quality of construction (Q3 v Q4) and condition (C3 v C4) are the most important factors that separate the two appraisers' conclusions.  Ms. De Los Santos did make some comments about improvements in the Property and pointed out that Mr. Bonjean did not.  From these very brief statements, and a review of a handful of photographs of the Property and the comparables, the court concludes that Ms. De Los Santos' labels are more reflective of the Petition Date value of the Property. The Bonjean Appraisal's conclusion is not justified to support the lower value given these concerns.

Taking all of the evidence presented into account and making adjustments based upon these observations, the

-5-

preponderance of the evidence results in a finding that the Property had a value as of the Petition Date of **$1,675,000.**

*** END OF MEMORANDUM DECISION ***

-6-

<u>COURT SERVICE LIST</u>

ECF Recipients

Case: 25-30625    Doc# 49    Filed: 08/09/26    Entered: 08/10/26 09:12:59    Page 7 of 7